**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DELMI LOPEZ-ROMERO,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.    15-72760<br><br>Agency No. A205-254-660<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 11, 2022[**]
San Francisco, California

Before: WALLACE, S.R. THOMAS, and McKEOWN, Circuit Judges.

Petitioner Delmi Lopez Romero, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (Board) order dismissing her appeal from an immigration judge's (IJ) decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(CAT). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence. *See Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). "Factual findings 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.*, *quoting* 8 U.S.C. § 1252(b)(4)(B). We deny the petition for review.

Substantial evidence supports the Board's denial of Lopez Romero's request for asylum and withholding of removal. Specifically, substantial evidence supports the Board's determination that Lopez Romero "failed to carry her burden of proving past persecution, a reasonable likelihood of future persecution on account of a protected ground, or a clear probability that her life or freedom would be threatened on account of a protected ground if she were returned to El Salvador." The record shows that Lopez Romero's main evidence for any alleged past persecution is based on "six phone calls over a period of seven months by a person named Luis." Dkt. No. 4 at 84. Although she alleges that the telephone calls threatened her and her children, they were never hurt or even approached by "Luis."

We agree with the IJ that these telephone calls simply do not constitute persecution, "an extreme concept that does not include every sort of treatment our society regards as offensive." *Ghaly v. I.N.S.*, 58 F.3d 1425, 1431 (9th Cir. 1995). Indeed, we have repeatedly held that "mere threats, without more, [are not] enough to constitute past persecution." *Lim v. I.N.S.*, 224 F.3d 929, 937 (9th Cir. 2000). For

2

similar reasons, substantial evidence also supports the Board's determination that there is a lack of well-founded fear of future persecution. The record shows that gang members have not come looking for her or tried to contact her since the threatening telephone calls. Moreover, since leaving El Salvador, her children, mother, and brother continued to live in El Salvador and have not received any additional telephone calls from gang members or had any problem with those gang members in their daily lives. Finally, Lopez Romero failed even to provide any direct evidence that shows Luis is part of any gang. Thus, there is substantial evidence that she has no well-founded fear of future persecution and that she can relocate in El Salvador.[1]

For similar reasons, substantial evidence also supports the Board's denial of CAT protection. There is no evidence that anyone is still looking for Lopez Romero at all, let alone any proof that she "*personally* will face torture if [she] returns." *Mukulumbutu v. Barr*, 977 F.3d 924, 928 (9th Cir. 2020).

The petition for review is **DENIED.**

---

[1] Because the Board held that Lopez Romero failed her burden of establishing eligibility for asylum and withholding of removal, there is no need to address whether she also demonstrated membership in a cognizable particular social group and a nexus to an enumerated ground. *Cf. Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013).